Dear Constable Frisard:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. In your opinion request, you have stated that you currently hold the elective office of Constable of Ward 10 in St. Tammany Parish. Additionally, you state that you have been offered a part-time position with the Abita Springs Police Department. Your inquiry centers on a possible dual office holding violation in the event you accept employment with the Abita Springs Police Department in this capacity.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. LA R.S. 42:63 (D) states in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. [Emphasis added]
"Political subdivision," as defined by LA R.S. 42:62 (9) is any:
 Parish, municipality, and any other unit of local government authorized by law to perform governmental functions. In addition for the purposes of this part, mayors courts, justices of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrar of voters, and all other elected parochial officials shall be separate political subdivisions.
In order to determine if there is a dual officeholding conflict, the classification of the position must be addressed. In your letter, you state that the position you have been offered is a part-time position in which you would work twenty-eight (28) hours per week in a clerical position. Furthermore, you state that you will receive no benefits and will not be commissioned or carry a weapon or badge. Given these details, this position does in fact seem to be classified as "part-time," as you will be working less than thirty-five hours (35) per week. See LA RS 42:62 (4). Even if this position were to be classified as an "appointed position" rather than "employment," there would be no violation as long as the position remained part-time.
Additionally and more importantly, this potential employment would be within a separate political subdivision, namely the municipality of Abita Springs. Please see Opinion No. 92-743 that states, "an elected constable of a justice of the peace court, like a justice of the peace, are independent elected ward officials and are not entities of the local governing authority." Thus, the provisions of LA R.S. 42:63 (D) prohibiting local elected officials from gaining employment within the same political subdivision from which they were elected is not violated.
Therefore, it is the opinion of this office that an elected parish constable may simultaneously hold a part-time appointed position or employment within a municipal police department without violating dual officeholding provisions, as the positions are within separate political subdivisions.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
With kindest regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ ANDREW D. BENTON Assistant Attorney General
Date Received: Date Released: February 23, 2001
Andrew D. Benton Assistant Attorney General